Curia, per
Wardlaw, J.
This Court thinks that the testimony objected to was admissible.
It might be said that this case differed from the case of Avery vs. Ray et al. 1 Mass. 12, which has been relied on for plaintiff, in this; that there, it appeared that no provocation at all was offered on the day of the injury, and it could have been only by presumption, that any previous provocation could have been assigned as the motive of the defendant; but the principles assumed, and the language employed by the Judges, who decided that case, are opposed to the admission of the testimony here. The case of Rhodes vs. Burrell, 3 M’C. 66, decided by our own Court, is, however, in language equally strong, in favor of the admission, and seems to be as well supported by reason.
The testimony was offered in mitigation; inquiry was to be made into the motive of the defendant. The inducement to the transaction, and all such particulars in the conduct of either party, leading to the final act, or forming part of it, as seemed to shew .in what degree blame attached to them severally, were calculated to aid the jury in determining the just measure of retribution and punishment. A provocation seemingly light, may have exasperated patience, if it were a repetition of an offence, before often given and endured ; and resentment, otherwise rash, or preparation, otherwise ferocious, mai/ be explained by the previous relation of the parties in former occurrences between them.
In like manner, the testimony offered by the defendant, of his own peaceable character, objected to here in the argument, was calculated to throw light upon the nature of the provocation which could have suddenly roused him *150 to extreme revenge, and is wholly different from testimony of the plaintiff’s character not put by himself in issue. The motion is dismissed.
D. L. WARDLAW.
We concur. J. S. Richardson, J. B. O’Neall, J. J. Evans, A. P. Butler.